**DAN ZHU WONG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Michael B. Mukasey,[1] Respondents.**

**No. 06–3568–ag.**

United States Court of Appeals, Second Circuit.

March 27, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Dan Zhu Wong, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation; Song E. Park, Attorney, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LORETTA A. PRESKA, District Judge.[2]

**2.** The Honorable Loretta A. Preska, United States District Court for the Southern District

## SUMMARY ORDER

Petitioner Dan Zhu Wong, a citizen of the People's Republic of China, seeks review of a July 6, 2006 order of the BIA affirming the November 24, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying Wong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Zhu Wang a.k.a. Dan Zhu Wong,* No. A 78 294 692 (B.I.A. July 6, 2006), *aff'g* No. A 78 294 692 (Immig. Ct. N.Y. City Nov. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

### I. Wong's Religious–Persecution Claim

Substantial evidence supports the agency's determination that Wong failed to meet her burden of proving either past persecution or a well-founded fear of persecution in China based on her alleged religious beliefs and affiliation with the Morman church. The agency reasonably deemed her testimony incredible based in part on inconsistencies between her testi-

of New York, sitting by designation.

mony and written asylum application. In particular, while Wong stated in her asylum application that she began work in a shoe factory in her own village in February 1998, she testified that because of her religious beliefs she was prevented by the village head from finding a job in the village where she lived. Moreover, Wong's testimony concerning the duration of her employment at the shoe factory was internally inconsistent: she stated at one point that she worked at the factory for two years, and at another point stated that she worked there from 1998 until 2002. Because these inconsistencies were material to Wong's claim that her religious practice interfered with her ability to find employment, it substantiated the agency's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308.

■ Once Wong's credibility was called into doubt, the agency reasonably found that her corroborating evidence was insufficient to rehabilitate her testimony. *See Zhou Yun Zhang*, 386 F.3d at 78. First, the IJ reasonably gave diminished weight to letters Wong submitted from her mother and a church member from China because, in contrast to Wong's testimony, neither letter referenced any damage to their church. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (holding that the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ" (alternation omitted)); *see also Singh v. BIA*, 438 F.3d 145, 148 (2d Cir.2006). Likewise, the agency reasonably afforded "very little" weight to a letter Wong provided, allegedly from the branch president of the Mormon church she attended in New York, because Wong was unable to identify the author of the letter and the letterhead contained a misspelling of "New York State." *Id.*; *see also Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008) (finding it reasonable for the IJ to infer that an applicant's document was fraudulent because that "inference [was] made available . . . by the record facts") (alteration in original).

■ Accordingly, we uphold the agency's denial of Wong's religious-persecution claim.[3]

## II. Wong's Family–Planning Claim

■ Substantial evidence also supports the agency's determination that Wong failed to establish asylum eligibility based on the birth of her two children in the United States. Wong's claim that the IJ abdicated its factfinding responsibility by not specifically addressing the 2004 State Department Country Report is meritless. The agency need not " 'expressly parse or refute on the record' each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006). In any event, nothing in the report indicates that Wong will be subject to China's coercive population control policies on account of her United States born children. *See Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005) (stating that an applicant's well-founded fear claim based on United States-born children was "speculative at best" when he failed to present "solid support" that he

3. In light of the forgoing, we need not reach the issue of whether, in deeming Wong's story incredible, the agency also reasonably relied on the fact that Wong could not identify the Morman church's founder, nor any of the church's symbols. *See Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006) (cautioning that an individual who lacks "detailed knowledge" about a religion's doctrinal tenets may never-

theless be persecuted for her religious affiliation). Even if the IJ erred in this regard, a remand for reconsideration of Wong's religious-persecution claim would be futile because we can confidently predict based on the record as a whole that the agency would reach the same conclusion after correcting for any error. *Xiao Ji Chen*, 471 F.3d at 339.

would be subject to the family planning policy upon his return to China); *see also Wei Guang Wang,* 437 F.3d at 274 (deeming insufficient to establish changed country conditions the 2004 State Department Country Report on Human Rights Practices for China and the so-called "Aird affidavit"); *In re J–W–S–,* 24 I. & N. Dec. 185, 190–91 (BIA 2007) (calling into question whether children born abroad are counted under China's family planning policy).

■ To the extent, if any, that the BIA failed to consider the transcript of a 1998 Congressional hearing or a copy of China's Nationality Law that Wong submitted for the first time on appeal to the BIA, we also find no error. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand."). In any event, the evidence submitted on appeal to the BIA was neither newly available, 8 C.F.R. § 1003.2(c)(1), nor do its contents establish a prima facie claim for asylum based on United States-born children.

■ Although Wong asserts that the documents discussed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), may provide evidence of a policy in Fujian Province of forced sterilization of Chinese nationals with two or more children, we decline to remand on that basis because those documents are not in the record. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 262 (2d Cir.2007) (holding that any inherent power to remand to the BIA for the consideration of additional evidence "should not" be exercised where "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence") (alteration in original).

Because Wong was unable to show the objective likelihood of persecution necessary for asylum eligibility, she necessarily was unable to meet the higher standard required to succeed on her claims for withholding of removal and relief under the CAT, which rested on the same factual predicates. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.